J-S47006-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY JOEL ESPINAL | : | |
| | : | |
| Appellant | : | No. 845 EDA 2024 |

Appeal from the Judgment of Sentence Entered March 12, 2024
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0003894-2022

BEFORE:  PANELLA, P.J.E., OLSON, J., and BECK, J.

MEMORANDUM BY PANELLA, P.J.E.:          **FILED FEBRUARY 3, 2026**

Anthony Joel Espinal appeals from the judgment of sentence imposed on March 12, 2024, for his convictions of possession with intent to deliver a controlled substance—fentanyl, two counts of possession of a controlled substance—fentanyl and cocaine, criminal mischief, and person not to possess a firearm.[1] Espinal's counsel has filed an application to withdraw as counsel along with a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), ("***Anders*** brief"). We grant counsel's petition to withdraw as counsel and affirm the judgment of sentence.

_____

[1] 35 P.S. §§ 780-113(a)(30) and (a)(16), 18 Pa.C.S.A. §§ 3304(a)(5) and 6105(a)(1), respectively.

We obtained the following factual and procedural history from the certified record. In August of 2022, Lehigh Valley Bail Bonds was hired by Northampton County to apprehend Espinal on an outstanding warrant. Three agents from Lehigh Valley Bail Bonds located Espinal in the Days Hotel located in Allentown, Pennsylvania. They determined Espinal was staying in room 369 of the hotel. On August 20, 2022, one agent was stationed in a closet next to room 369. He heard what he believed was a domestic dispute occurring within room 369. The agents contacted Pennsylvania State Police and requested them to respond to the hotel at this time.

Before police could respond, a woman, later identified as Caitlyn Norder, opened the door to room 369. Eugene Pozer, one of the agents, saw Espinal in the room and deployed his taser to attempt to gain control of Espinal. Espinal was able to close the door before agents could apprehend him. The agents then heard five loud bangs, later determined to be gunshots. When police arrived, it was discovered that Espinal shot out the window to room 369 and jumped out to avoid apprehension.

Police started searching the surrounding area and located Espinal in an office building that housed a church. Espinal was arrested and, due to his injuries, taken by EMS to a local hospital. During this search, police recovered a firearm and a bag of suspected narcotics outside near the broken window. During a subsequent search of room 369, police recovered fired cartridge casings.

Later testing of the firearm and casings revealed that the recovered firearm was operable and the fired cartridge casings were expelled from the firearm. Testing of the suspected narcotics revealed two small bags inside one large bag. One bag contained a white substance, and one bag contained an off-white substance. One substance tested positive for fentanyl and weighed 7.76 grams. The other substance tested positive for cocaine and weighed 9 grams.

Espinal was charged and proceeded to a jury trial. He was convicted of the charges noted above. The trial court sentenced Espinal to an aggregate term of 7 and a half to 20 years of incarceration. Espinal filed a timely notice of appeal. Espinal's prior counsel withdrew, and new counsel was appointed. After multiple extensions of time, counsel filed a statement of intent to file an **Anders** brief, which he did. **See** Pa.R.A.P. 1925(c)(4). Espinal did not file a response.

Because counsel filed an **Anders** brief, we cannot address the merits of any claims until we determine if counsel complied with the dictates of **Anders** and its progeny.

This Court has detailed counsel's requirements as follows:

To withdraw pursuant to **Anders**, counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the **Anders** brief to the appellant; and 3) advise the appellant that he or she has the right to retain private counsel or raise

additional arguments that the appellant deems worthy of the court's attention.

With respect to the third requirement of **Anders**, that counsel inform the appellant of his or her rights in light of counsel's withdrawal, this Court has held that counsel must attach to their petition to withdraw a copy of the letter sent to their client advising him or her of their rights.

Further, an **Anders** brief must comply with the following requirements:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

If counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous.

**Commonwealth v. Gabra**, 336 A.3d 1052, 1056 (Pa. Super. 2025) (brackets and citation omitted).

Counsel has substantially complied with the dictates of **Anders** and its progeny. Counsel filed a petition to withdraw as counsel indicating she reviewed the transcripts and court filings and found no non-frivolous issues. **See** Application to Withdraw as Counsel (unpaginated). Counsel indicated that the brief, petition to withdraw, and a letter were sent to Espinal. **See id.** The letter was attached to the petition and advised Espinal that he may proceed on his own behalf or hire counsel to assist him. **See id.** at Exhibit A. Private

- 4 -

counsel has not entered an appearance and Espinal has not filed a pro se response with our Court.

In the *Anders* brief, counsel included a summary of the procedural and factual history, with citations to the record. *See Anders* Brief, at 2-7. Counsel referred to what may arguably support the appeal and determined the appeal is frivolous. *See id.* at 8-19. Counsel explained why the appeal is frivolous, providing the relevant statutes and cases on point. *See id.*

As counsel substantially complied with the dictates of *Anders*, we must now conduct an independent review to determine if the appeal is wholly frivolous. We will begin with the claims raised in the *Anders* brief.

Counsel noted three potential claims: the sufficiency of the evidence as to all convictions, the weight of the evidence, and the sentence imposed. We begin with our standard and scope of review regarding sufficiency claims:

> Because a determination of evidentiary sufficiency presents a question of law, our standard of review is de novo and our scope of review is plenary. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the factfinder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the factfinder.

***Commonwealth v. Torsunov***, 345 A.3d 339, 346 (Pa. Super. 2025) (citation and italics omitted).

Espinal was convicted of possession with intent to deliver a controlled substance ("PWID"), specifically fentanyl, under subsection 780-113(a)(30), which provides: "The following acts and the causing thereof within the Commonwealth are hereby prohibited: … (30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act … ." 35 P.S. §780-113(a)(30).

> To sustain a conviction for PWID, the Commonwealth must prove both the possession of the controlled substance and the intent to deliver the controlled substance. It is well settled that in narcotics possession cases, the Commonwealth may meet its burden by showing actual, constructive, or joint constructive possession of the contraband. Here, the police did not discover the controlled substances on [Espinal's] person, and thus, we must determine whether the Commonwealth sufficiently established that [Espinal] had constructive possession of the controlled substances.
>
> This Court has defined constructive possession as follows:
>
>> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

The Commonwealth may sustain its burden by means of wholly circumstantial evidence, and we must evaluate the entire trial record and consider all evidence received against the defendant.

*Commonwealth v. Roberts*, 133 A.3d 759, 767-68 (Pa. Super. 2016) (quotation marks, brackets, and citations omitted).

Here, the bag of drugs was found along Espinal's flight path after he jumped out of the hotel window. *See* N.T. Trial, 1/9/24, at 50-51. Before Espinal jumped out of the window, the bag was not seen on the ground. *See id.* Surveillance video obtained further showed a man running through the area and a bag falling out of his pocket while running. *See id.* at 59. That is the same bag provided to police that later tested positive for fentanyl and cocaine. *See id.* This evidence is sufficient circumstantial evidence that the bag of drugs belonged to Espinal even though they were not discovered on his person when police arrested him. As such, the Commonwealth produced sufficient evidence to prove the first element: possession.

Turning to the second element, we have held:

With regard to the intent to deliver, we must examine the facts and circumstances surrounding the possession. The intent to deliver may be inferred from possession of a large quantity of controlled substances. It follows that possession of a small amount of a controlled substance supports the conclusion that there is an absence of intent to deliver. If the quantity of the controlled substance is not dispositive as to the intent, the court may look to other factors.

Other factors to consider when determining whether a defendant intended to deliver a controlled substance include the manner in which the controlled substance was packaged, the behavior of the defendant, the presence of drug paraphernalia, and the sums of cash

- 7 -

found in possession of the defendant. The final factor to be considered is expert testimony. Expert opinion testimony is admissible concerning whether the facts surrounding the possession of controlled substances are consistent with an intent to deliver rather than with an intent to possess it for personal use.

**Roberts**, 133 A.3d at 768 (quotation marks, brackets, ellipsis, and citations omitted).

In this case, an expert in narcotics investigation, packaging, and distribution, Detective Chadbourne Ellis, testified for the Commonwealth. Detective Ellis explained he utilizes a number of factors in determining whether drugs are for personal use or distribution. **See** N.T. Trial, 1/10/24, at 129-30. These factors include the amount of drugs, whether use paraphernalia was near the drugs or the person, whether packaging paraphernalia was near the drugs or person, how many cell phones the person had, the amount of money on the person, whether police viewed actual deliveries, whether firearms were present, and potential hiding places for the drugs. **See id.**

In regard to the fentanyl in this case, Detective Ellis testified he believed the amount of the fentanyl, the way it was packaged, the fact that Espinal also possessed a firearm, a cut couch cushion in the hotel room, lack of user paraphernalia, multiple cell phones, and an inventory receipt taken together indicated drug dealing and not personal use. **See id.** at 130-31. Detective Ellis testified that a user would traditionally use one to three bags of fentanyl at a time, and a bag usually has only .01 to .03 grams of fentanyl in it. **See id.** at 133. Here, the bag contained 7.76 grams of fentanyl. **See id.** at 85. Detective

Ellis equated that to about 388 bags of .02 grams of fentanyl, clearly more than what an average user would use at a time. ***See id.*** at 137.

Based upon Detective Ellis' testimony, the Commonwealth presented sufficient evidence that Espinal possessed the fentanyl with intent to deliver it. Counsel is therefore correct that this claim would be frivolous.

Next, Espinal was convicted of possession of two controlled substances, fentanyl and cocaine. Subsection 780-113(a)(16) provides that a person may not "[k]nowingly or intentionally possess[] a controlled substance … unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act." 35 P.S. 780-113(a)(16). The Commonwealth must prove that Espinal either knowingly or intentionally possessed the fentanyl and cocaine. Just as with possession with intent to deliver, the Commonwealth can prove actual possession or constructive possession. ***See Commonwealth v. Parrish***, 191 A.3d 31, 36 (Pa. Super. 2018).

Here, the same evidence detailed above regarding possession with intent to deliver supports the charge of possession. As we observed previously, the Commonwealth produced sufficient evidence to establish Espinal dropped the bag of drugs after he jumped out of the hotel window and ran. When combined with the evidence that the contents later tested positive for fentanyl and cocaine, counsel is again correct that a challenge to the sufficiency of the evidence for the possession charge is meritless.

Next, Espinal was convicted of criminal mischief for damaging the hotel window when he shot through it before jumping out of it. Espinal was convicted of subsection 3304(a)(5), which provides: "A person is guilty of criminal mischief if he: … (5) intentionally damages real or personal property of another[.]" 18 Pa.C.S.A. § 3304(a)(5).

The evidence established that Espinal shot out the window of the hotel room and then jumped out of it to flee from bail agents and the police. *See* N.T. Trial, 1/9/24, at 43-45, 47, 57. This is sufficient to establish Espinal intentionally broke the window, which was personal property of the hotel. Therefore, counsel is correct this claim has no merit.

Finally, Espinal was convicted of person not to possess a firearm under section 6105(a)(1). Section 6105(a)(1) provides:

> A person convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S.A. § 6105(a)(1). In subsection b, one of the enumerated offenses referred to in subsection 6105(a)(1) is robbery. *See* 18 Pa.C.S.A. 6105(b). As such, the Commonwealth must prove two elements: (1) possession of a firearm, and (2) a prior conviction of an enumerated offense, here robbery. *See Commonwealth v. Miklos*, 159 A.3d 962, 967 (Pa. Super. 2017); 18 Pa.C.S.A. § 6105(a)(1). Just as with controlled substances, possession may be actual or constructive. *See Parrish*, 191 A.3d at 36.

- 10 -

Espinal was not found in actual possession of the firearm. However, shots were heard coming from the hotel room seconds before Espinal jumped from the window and ran away. *See* N.T. Trial, 1/9/24, at 45, 60-61, 101-02. Police located a firearm near the broken glass outside, just below the broken window. *See id.* at 53. Espinal's DNA was on the firearm. *See* N.T. Trial, 1/10/24, at 63. Five discharged cartridge casings were located within the hotel room and were all fired from the same firearm found near the broken glass outside. *See* N.T. Trial, 1/9/24, at 102-03; N.T. Trial, 1/10/24, at 100. Finally, Espinal was previously convicted of robbery, an enumerated offense prohibiting him from possessing a firearm. *See* N.T. Trial, 1/11/24, at 115-16. Counsel is correct that this evidence is sufficient for the conviction of person not to possess a firearm and therefore this claim is meritless.

Next, counsel includes a weight of the evidence claim. *See Anders* Brief, at 14. However, the Commonwealth notes that no post-sentence motion was filed by Espinal, and therefore this claim is waived. *See* Appellee's Brief, at 16.

A weight of the evidence claim must first be presented to the trial court, either orally or in a written motion. *See* Pa.R.Crim. P. 607(A). "An appellant's failure to avail himself of any of the prescribed methods for presenting a weight of the evidence issue to the trial court constitutes waiver of that claim." *Torsunov*, 345 A.3d at 349 (citation omitted).

Espinal did not preserve the weight of the evidence claim. It was not argued orally nor presented in a written motion. We therefore find it waived. As the claim is waived, counsel is correct that this claim is frivolous.

Finally, counsel presents two sentencing claims. First, counsel notes Espinal wishes to raise an illegal sentence regarding the sentence for PWID. *See Anders* Brief, at 17. Counsel states "the trial court imposed an illegal sentence for manufacture, delivery, or possession with intent to manufacture or deliver[] fentanyl because it found [] Mr. Espinal guilty of manufacture, delivery, or possession with intent to manufacture or deliver fentanyl based on the testimony of Detective Ellis." *See id.* at 17-18 (unnecessary capitalization omitted).

This simply does not support an illegal sentencing claim. *See Commonwealth v. Prinkey*, 277 A.3d 554, 562-63 (Pa. 2022) (detailing the four categories of illegal sentences). Counsel is therefore correct that this claim is meritless.

Finally, counsel asserts a discretionary aspects of sentencing claim. *See Anders* Brief, at 18. Counsel notes that Espinal did not file a post-sentence motion preserving this claim but submits the claim would be frivolous even if preserved because the trial court had the benefit of a pre-sentence investigation ("PSI"). *See id.* at 18-19.

We have held:

Where an appellant challenges the discretionary aspects of his sentence, as is the case here, the right to appellate review is not

- 12 -

absolute. On the contrary, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying the following four-part test:

> (1) whether the appeal is timely; (2) whether appellant preserved his issue; (3) whether appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Dortch*, 343 A.3d 298, 310 (Pa. Super. 2025) (citations omitted).

Espinal's appeal was timely filed, however, he has not met any of the other four requirements. His claim was not raised and preserved with the trial court, either orally at sentencing or in a post-sentence motion. The brief does not include a concise statement of the reasons relied upon for allowance of appeal and does not raise a substantial question.

However, because counsel has filed a petition to withdraw as counsel and an *Anders* brief, we will address the merits of the discretionary aspects of the sentence imposed.

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of that discretion." *Id.* (internal quotation marks and citation omitted). Where the trial court had the benefit of a PSI, "we shall presume that the sentencing judge was aware of relevant information regarding the defendant's character

and weighed those considerations along with mitigating statutory factors." **Id.** at 311 (internal quotation marks, ellipsis, and citation omitted).

The trial court, prior to imposing sentence, stated "I received and reviewed [the PSI] and will consider the information in the PSI in making a determination as to the appropriate sentence. Of course I sat through the trial as well, so I have a good handle on what this case is all about." N.T. Sentencing, 3/12/24, at 2. The court not only heard from Espinal, but also spoke with him regarding the injuries he sustained from jumping out the window, his recent loss of an unborn child, and his upbringing. **See id.** at 7-8, 12-13. The court then imposed a standard range sentence on each charge with all sentences running concurrent. **See id.** at 13-16. The total sentence imposed was 7 and a half to 20 years' incarceration. **See id.** at 15-16. We cannot find any abuse of discretion and therefore counsel is correct that this final claim is meritless.

Accordingly, in light of the strong evidence in this case, we agree with counsel that Espinal's issues lack merit and are frivolous. Further, our independent review did not uncover any non-frivolous claims. As such, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/3/2026